IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02150-M

BRIAN EDWARD MAHONEY, )
)
    Petitioner, )
)
v. ) ORDER
)
WARDEN DANIEL MARTIN, et. al., )
)
    Respondents. )

This cause is before the court on petitioner's pending motions [D.E. 3, 32], and for initial review of the petition under 28 U.S.C. § 2243.

Background:

On August 11, 2020, in the United States District Court for the District of Rhode Island, Brian Edward Mahoney ("petitioner") filed *pro se* a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 as to his detention under 18 U.S.C. § 4246.[1] Pet. [D.E. 1]. On September 11, 2020, petitioner filed a motion inquiring whether his petition is subject to the "prison mailbox rule." Mot. [D.E. 3]. On May 11, 2021, after noting petitioner then was held at Grady County Law Enforcement Center in Oklahoma, the United States District Court for the District of Rhode Island transferred the case to the United States District Court for the Western District of Oklahoma via a text order. On June 23, 2021, after noting petitioner then was held at FMC Butner, the United States District Court for the Western District of Oklahoma issued a Report and Recommendation

---

[1] On October 14, 2014, after finding petitioner was "suffering from a mental disease or defect as a result of which his release from Bureau of Prisons ('BOP') custody would create a substantial risk of bodily injury to another person," the United States District Court for the District of Massachusetts allowed the Government's petition to commit petitioner to the custody of the Attorney General under 18 U.S.C. § 4246(d). On appeal, the First Circuit affirmed the judgment of commitment. See United States v. Mahoney, 53 F. Supp. 3d 401, 415–16 (D. Mass. 2014), aff'd, 661 F. App'x 1 (1st Cir. 2016). The Supreme Court denied certiorari. See Mahoney v. United States, 138 S. Ct. 123 (2017).

that the action be transferred to this court. See [D.E. 26]. On July 14, 2021, the Report and Recommendation was adopted, and the action was transferred to this court. Order [D.E. 29]. On July 23, 2021, noting that he now is held at MCFP Springfield, petitioner moved to transfer the action to the United States District Court for the Western District of Missouri. Mot. [D.E. 32].

### Petitioner's Arguments:

Petitioner argues that his detention without a conviction violates his due process rights and the Eighth Amendment's prohibition of cruel and unusual punishments. See Pet. [D.E. 1] at 7–9. Petitioner asserts that the Government failed to meet its burden of proof of showing that he is dangerous, and that he was civilly committed without the appropriate procedural safeguards. Id. at 9–12. Petitioner contends he meets conditions for release the BOP established in response to COVID-19, including, 1) being charged with a non-violent offense, 2) having served 50% of his sentence, 3) having underlying health issues like high blood pressure and diabetes, and 4) being over 60 years old.[2] Id. at 13. Petitioner argues that, by allowing his indefinite detention, the committing court is misapplying the civil commitment statute. Id. at 14–15. Petitioner further contends that, on July 16, 2020, the committing court appointed him a legal guardian when he refused to accept state confinement rather than outright release, and that his last hearing in the committing court occurred on January 26, 2017. Id. at 15–16. (citing [D.E. 226], United States v. Mahoney, No. 1:13-cv-11530-PBS (D. Mass. April 5, 2017) (denying a motion for discharge under 18 U.S.C. § 4247)). Petitioner seeks any relief that the court deems just. Id. at 18.

---

[2] Petitioner presumably is referencing 34 U.S.C. § 60541(g) (outlining the "Elderly and family reunification for certain nonviolent offenders pilot program," and defining "eligible elderly offender"). The court, however, lacks authority to release petitioner under 34 U.S.C. § 60541(g). See, e.g., United States v. Byers, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General." (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g))).

2

Discussion:

A petition for a writ of habeas corpus allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). A civil committee may file a habeas petition under 28 U.S.C. § 2241. United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). Nevertheless, due to the convoluted procedural history of this action, a threshold question is whether this is the appropriate court to consider the petition.

Courts have found that jurisdiction attaches at the time the § 2241 petition is filed and is not destroyed by a subsequent Government-effected transfer and change in physical custodian.[3] See Padilla, 542 U.S. at 434–35 (finding the proper § 2241 respondent generally is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."); Kanai, 638 F.3d at 255 (4th Cir. 2011) ("When a petitioner is physically detained, the custodian generally is the warden of the facility where the petitioner is confined. A habeas petitioner who is physically confined must name this 'immediate custodian' as the habeas respondent, and must file the habeas petition in the 'district of confinement.' In that circumstance, the 'district of confinement' necessarily is the location of both the habeas petitioner and the immediate custodian." (internal citations omitted)); see also Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petitioner and the accompanying custodial change."); White v.

---

[3] "[T]he term 'jurisdiction,' as used in the [§ 2241] habeas statute, is distinct from 'the sense of subject-matter jurisdiction of the District Court.'" United States v. Poole, 531 F.3d 263, 270 n.12 (4th Cir. 2008) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 434 n.7 (2004)). Regardless of whether the phrase "jurisdiction" in the § 2241 habeas statute "is better understood as a requirement of personal jurisdiction over a habeas respondent . . . or as a venue provision prescribing the particular location for the filing of a habeas petition, . . . neither of these types of requirements addresses the subject-matter jurisdiction of the district courts." Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011); see also Moore v. Olson, 368 F.3d 757, 759–60 (7th Cir. 2004).

Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending."); Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir. 2001) (noting "jurisdictional facts must be judged as of the time the complaint is filed" (citation, quotation marks, and alterations omitted)); United States v. Edwards, 27 F.3d 564 (4th Cir. 1994) (per curiam) (unpublished) (finding "[j]urisdiction is determined at the time an action is filed" and "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." (citation omitted)); Howze v. Disciplinary Hearing Officers, No. 5:11-HC-2110-BO, 2012 WL 2953665, at *2 (E.D.N.C. July 19, 2012).

Here, at the time he filed the instant petition, petitioner was detained at Wyatt Detention Facility, within the territorial boundaries of the United States District Court for the District of Rhode Island, and he properly named as respondent his "immediate custodian." Pet. [D.E. 1]. Thus, although petitioner was detained at FMC Butner during some of the action's pendency, transfer to this court was erroneous. Further, granting petitioner's motion to transfer the action to the United States District Court for the Western District of Missouri also would be erroneous.[4]

In light of the erroneous transfer to this court, the court has discretion either to dismiss the action without prejudice or, if it is in the interest of justice, transfer the action back to the United States District Court for the District of Rhode Island. See 28 U.S.C. §§ 1406(a), 1631; Dragenice v. Ridge, 389 F.3d 92, 97–98 (4th Cir. 2007); see also Phillips v. Seiter, 173 F.3d 609, 610–11 (7th

---

[4] To the extent petitioner instead seeks discharge from civil commitment under 18 U.S.C. § 4247(h), "the proper venue would presumptively be the committing court." Garcia v. Spaulding, 324 F. Supp. 3d 228, 235 (D. Mass. 2018) (citing Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004)). As noted above, the committing court is United States District Court for the District of Massachusetts.

4

Cir. 1999) (noting that, "a court is authorized to consider the consequences of a transfer" by "tak[ing] a peek at the merits" to avoid "rais[ing] false hopes and wast[ing] judicial resources by transferring a case that is clearly doomed"); Manigan v. Felts, No. CIV.A. 5:06-CV-00350, 2007 WL 2470350, at *2 (S.D.W. Va. Aug. 28, 2007) (noting that, before transferring a § 2241 petition, a court "must consider the sufficiency of Petitioner's claims to determine whether dismissal or transfer to the jurisdiction who has legal authority to effectuate Petitioner's release is required").

As to petitioner's due process claims, civil commitment under §4246 affords mandatory periodic review of the commitment decision and hearings as to whether his continued confinement is warranted.[5] See 18 U.S.C. §§ 4246(e), 4247(e). These procedures "do much to ensure the fairness and accuracy of the commitment process." United States v. Sahhar, 917 F.2d 1197, 1203–04 (9th Cir. 1990); see Polk v. Beeler, No. 5:09-HC-2126-D, 2010 WL 2680013, at *3 (E.D.N.C. July 2, 2010) (unpublished) (quotation omitted), aff'd, 406 F. App'x 694 (4th Cir. 2010), cert. denied, 562 U.S. 1297 (2011); Order [D.E. 6], Perkins v. Bredenberg, No. 5:04-CT-903-H (E.D.N.C. Jan. 24, 2005), aff'd, 133 F. App'x 888, 889 (4th Cir. 2005) (per curiam) (unpublished).

Here, although petitioner baldly asserts that the committing court erred in finding him dangerous and failing to provide procedural safeguards, see Pet. [D.E. 1] at 9–12, his commitment case reflects regular and ongoing review. See Mahoney, No. 1:13-cv-11530-PBS (D. Mass.),

---

[5] Once an individual is committed under 18 U.S.C. § 4246(d), there are only two methods by which that individual may be deinstitutionalized. See United States v. Fisher, No. 5:10-HC-02234-BR, 2017 WL 3431153, at *1 (E.D.N.C. Jan. 31, 2017), aff'd, 690 F. App'x 108 (4th Cir. 2017). Under one method, the director of the facility in which the individual is hospitalized may file a certificate with the committing court stating that the individual is no longer in need of care because he "has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another[.]" Id. (quoting 18 U.S.C. § 4246(e)). Under the other method, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility[.]" Id. (quoting 18 U.S.C. § 4247(h)).

5

Electronic Order [D.E. 409] (June 2, 2021) (denying petitioner's May 14, 2021, motion to reopen "without prejudice as to appointed counsel moving to reopen the proceedings" and directing counsel and appointed guardian to consult with the Government as to next steps), Tr. [D.E. 402] (Feb. 26, 2021) (transcript from July 16, 2020, motions hearing), Join Status Report [D.E. 397] (Feb. 11, 2021) (proposing petitioner remain at a BOP medical facility, undergo another BOP evaluation in August 2021, and receive another evaluation from an independent psychologist or psychiatrist identified by petitioner and his counsel), Status Conference [D.E. 395] (Jan. 22, 2021), Electronic Order [D.E. 388] (Jan. 4, 2021) (denying a motion for compassionate release because "the government has demonstrated that [petitioner], who is civilly committed, would be a danger to the community" and noting, "the court has appointed an attorney and a guardian ad litem who are exploring whether there are any conditions of release available to the court consistent with community safety"), Status Report [D.E. 353] (Aug. 5, 2020) (noting the parties' agreement as to a guardian ad litem), Status Report [D.E. 352] (Aug. 4, 2020) (noting the parties' agreement as to potential evaluators). Thus, despite his disagreement with the committing court's decisions, petitioner nevertheless fails to plausibly allege that his continued commitment under section 4246 violates his due process rights.

As to petitioner's Eighth Amendment contentions, to the extent he asserts his commitment is impermissibly punitive, "the confinement of mentally unstable individuals who present a danger to the public [is a] classic example of nonpunitive detention." Kansas v. Hendricks, 521 U.S. 346, 363 (1997) (internal quotation marks omitted). To the extent that he instead challenges his current or past conditions of confinement, such claims generally do not sound in habeas corpus. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004) (noting that "constitutional claims that merely

6

challenge the conditions of a prisoner's confinement" fall outside of the "core" of habeas corpus petitions); Preiser, 411 U.S. at 488–90 (distinguishing habeas petitions and civil-rights actions); Matherly v. Andrews, 859 F.3d 264, 274–76 (4th Cir. 2017) (discussing civil detainee conditions-of-confinement claims); Yagman v. Johns, No. 5:08-HC-2103-D, 2009 WL 6669325, at *2–3 (E.D.N.C. Feb. 12, 2009) (unpublished) (discussing "hybrid" habeas cases and noting, "[r]elease from confinement is not a remedy available for an Eighth Amendment deliberate-indifference claim" (collecting cases)), aff'd, 328 F. App'x 280 (4th Cir. 2009) (per curiam) (unpublished).

In short, this §2241 petition was transferred to the court erroneously and, because petitioner is not entitled to the relief that he seeks, it is not in the interest of justice to transfer the action back to the United States District Court for the District of Rhode Island. See Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (finding § 1631 transfer is discretionary, not mandatory); see also Phillips, 173 F.3d at 611; Galloway Farms, Inc. v. United States, 834 F.2d 998, 1001 (Fed. Cir. 1987); cf. United States v. McNeill, 523 F. App'x 979, 984 (4th Cir. 2013) (per curiam) (unpublished); Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) (per curiam) (unpublished).

Thus, the court: DISMISSES WITHOUT PREJUDICE the petition [D.E. 1]; DENIES AS MOOT the "prison mailbox rule" motion [D.E. 3]; DENIES the motion to transfer [D.E. 32]; and DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED, this 21st day of September 2021.

RICHARD E. MYERS II
Chief United States District Judge

7